Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | Geraldine Soat Brown |
|---|---|---|---|
| **CASE NUMBER** | 97 C 5255 | **DATE** | 9/26/2000 |
| **CASE TITLE** | Green vs. Nuveen Advisory Corp. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] This cause coming before the Court on the Defendants' Motion to Compel Answers to Interrogatories [98-1] and the Court having reviewed the submissions of the parties, it is hereby ordered that the Motion is GRANTED in part and DENIED in part as further set out in the Memorandum Opinion and Order.

(11) ■ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | No notices required, advised in open court. | | |
|---|---|---|---|
| | No notices required. | | number of notices |
| | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | | SEP 27 2000 date docketed |
| ✓ | Docketing to mail notices. | | |
| | Mail AO 450 form. | | docketing deputy initials |
| ✓ | Copy to judge/magistrate judge. | | |
| | tw courtroom deputy's initials | FILED FOR DOCKETING 00 SEP 26 PM 4:46 | date mailed notice |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

DOCKETED
SEP 27 2000

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JACK GREEN, et al.,
    Plaintiffs,

v.

NUVEEN ADVISORY CORP., et al.,
    Defendants.

Case No. 97 C 5255

Judge Ronald A. Guzman
Magistrate Judge Geraldine Soat Brown

## Memorandum Opinion and Order
## on Defendants' Motion to Compel Answers to Interrogatories

This cause coming before the Court on the Defendants' Motion to Compel Answers to Interrogatories [Dkt #98] and the Court having reviewed the submissions of the parties, it is hereby ordered that the Motion is **GRANTED in part and DENIED in part** as further set out herein.

Plaintiffs are shareholders of six leveraged tax-exempt municipal funds created and managed by defendants Nuveen Advisory Corp. *et al* ("Defendants"). Plaintiffs claim that Defendants' practice of using assets attributable to leverage in computing Defendants' compensation creates a conflict of interest in that Defendants have an economic interest to maintain the funds' leverage even when that is not in the best interest of the funds and the shareholders. (Pls.' Mem. in Opp'n to Defts' Mot to Compel ("Pls.' Mem.") at 2.) Defendants' current Motion seeks to compel further answers to Interrogatories 1, 2, 3, 6, 7, 9, 10 and 11 of Defendants' First Set of Interrogatories to Plaintiffs.

1

Interrogatories 1, 2 and 3.

Defendants' position is that the compensation arrangement that Defendants employ is the standard in the industry, and Interrogatories 1 and 2 ask, in essence, that Plaintiffs identify funds that compute compensation without including assets purchased through leverage. Interrogatory 3 asks Plaintiffs to identify tax-exempt funds that create leverage through debt. Plaintiffs answered by referring Defendants to "plaintiffs' records of prospectuses of leveraged tax-free municipal bond funds and annual reports of same." (Resps. & Objections of Pls. to Nuveen Advisory's First Set of Interrogs. at 3-5.) Plaintiffs state that they have produced all of the prospectuses of closed-end investment companies within their possession, custody and control, that the information about the respective compensation arrangements is outlined in those documents, and that the burden of extracting the information is the same for the Plaintiffs and Defendants. (Pls.' Mem. at 11.) Plaintiffs were also willing to stipulate that they had no other information except that contained in the prospectuses. (Pls.' Mem. at 3.)

Plaintiffs argue that these Interrogatories are part of Defendants' effort to shoehorn the case into a narrow definition of the industry. (Pls.' Mem. at 12.) However, any disagreement between Plaintiffs and Defendants over whether there is a meaningful distinction for the purpose of this lawsuit between leveraged tax-exempt funds that raise money by debt (borrowing) or by sale of preferred shares is not a basis for refusing to answer the Interrogatories with such information as Plaintiffs possess. Furthermore, Interrogatories 1, 2 and 3 do not ask for a "narrative" response, contrary to Plaintiffs' argument. (Pls.' Mem. at 4.) Those Interrogatories request a list.

Plaintiffs' argument that the burden of extracting the information is the same for Plaintiffs as Defendants suggests that Plaintiffs have not studied the prospectuses in their possession to obtain

2

the information sought in the Interrogatories. (Pls.' Mem. at 10-11.) Yet Plaintiffs argue that the uniform practice of debt-leveraged investment companies is to excluded the leveraged assets in calculating advisory compensation. (Pls.' Mem. at 12.) In order to make that statement Plaintiffs must have identified some funds responsive to Interrogatory 3.

It is possible that by now Plaintiffs have reviewed the prospectuses in their possession of other leveraged, tax-exempt municipal bond funds to ascertain the compensation arrangements those funds employ. To the extent that Plaintiffs have information responsive to Interrogatories 1, 2, and 3, that information must be produced. Reference to the prospectuses is not sufficient if the Plaintiffs have in fact distilled that information. "If the information sought exists in the form of compilations, abstracts or summaries then available to the responding party, those should be made available to the interrogating party." *See* Advisory Committee Comments to 1980 Amendment of Rule 33. If the Plaintiffs at this date–three years after the filing of the Complaint– have not made any study of the prospectuses in their possession to determine the compensation arrangements, Plaintiffs should so state under oath.

Defendants' motion to compel further answers to Interrogatories 1, 2, and 3 is GRANTED.

Interrogatories 6, 7, 9 and 10.

These Interrogatories request information about the Plaintiffs' claims that Defendants' incentive to maintain the leverage in the funds resulted in a substantially greater decline in the value of the funds than would have resulted if the funds' leverage had been reduced or eliminated. In response, Plaintiffs referred the Defendants to the annual reports and other documents relating to the

3

funds. (Resps. & Objections of Pls.' to Nuveen Advisory's First Set of Interrogs. at 6-10.) That answer is not sufficient.

A reference to records is only sufficient if the answer to the interrogatory is apparent on the face of the records. *Govas v Chalmers*, 965 F.2d 298, 302 (7th Cir. 1992). Interrogatories 6, 7, 9 and 10 properly inquire into information forming the basis of Plaintiffs' damage computations under Plaintiffs' theory that certain actions should have been taken that were not, in fact, taken. That information, including when the actions should have been taken and to what extent, is, by definition, not apparent on the face of the records. Thus, Plaintiffs have exclusive access to that information and must respond to the Interrogatories.

Defendants' motion to compel further answers to Interrogatories 6, 7, 9, and 10 is GRANTED.

Interrogatory 11.

This Interrogatory seeks Plaintiffs' position as to what terms Plaintiffs would consider to be an appropriate fee arrangement, including the percentage. Plaintiffs declined to provide a percentage, and answered simply that the amount of outstanding preferred stock should be excluded. (Resps. & Objections of Pls. to Nuveen Advisory's First Set of Interrogs. at 10-11.)

Defendants argue that if Plaintiffs contend the base of the compensation should be reduced, there must be an adjustment to the percentage in order to create a reasonable compensation. (Defs.' Mem. at 13.) Plaintiffs have offered to supplement their response to include the statement that Plaintiffs have no position or opinion on the percentage that would have to be charged. (Pls.' Mem.

4

at 16.) That additional information will complete the answer to Interrogatory 11. If Plaintiffs' position on that changes, Plaintiffs must supplement their answer to Interrogatory 11.

Defendants' motion to compel further answer to Interrogatory 11 is GRANTED in that Plaintiffs will provide a statement under oath that they have no position or opinion on the proper percentage to be charged. In all other respects, Defendants' motion to compel further answer to Interrogatory 11 is DENIED.

ENTER:

Geraldine Soat Brown
United States Magistrate Judge

Dated: September 26, 2000