# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 97 C 5255 | **DATE** | 9/6/2001 |
| **CASE TITLE** | JACK GREEN,et al vs. NUVEEN ADVISORY CORP.,et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: the Court grants the sole remaining defendant Nuveen's motion for summary judgment [129-1] and denies plaintiffs' motion for partial summary judgment [132-1]. This case is hereby terminated.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | **Document Number** |
| | No notices required. | | 9 | |
| | Notices mailed by judge's staff. | | SEP 1 0 2001 | |
| | Notified counsel by telephone. | | date docketed | 160 |
| ✓ | Docketing to mail notices. | | docketing deputy initials | |
| ✓ | Mail AO 450 form. | | SEP 1 0 2001 | |
| | Copy to judge/magistrate judge. | FILED FOR DOCKETING 01 SEP -7 AM 8: 44 | date mailed notice | |
| TBK | courtroom deputy's initials | | mailing deputy initials | |
| | | Date/time received in central Clerk's Office | | |

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| JACK GREEN, individually and as trustee, STANLEY SIMON trustee, and NORMA EVANS, | ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) ) | |
| NUVEEN ADVISORY CORP., JOHN NUVEEN AND CO, INC., RICHARD J. FRANKE, DONALD E. SVEEN, NUVEEN MASSACHUSETTS PREMIUM INCOME MUNICIPAL FUND, NUVEEN INSURED MUNICIPAL OPPORTUNITY FUND, INC., NUVEEN INSURED PREMIUM INCOME MUNICIPAL FUND, INC., NUVEEN PREMIUM INCOME MUNICIPAL FUND 2, INC., NUVEEN INSURED PREMIUM INCOME MUNICIPAL FUND 2, NUVEEN PREMIUM INCOME MUNICIPAL 4, INC., | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | 97 C 5255<br><br>Judge Ronald A. Guzmán |
| Defendants. | ) ) | |

DOCKETED

SEP 18 2001

## MEMORANDUM OPINION AND ORDER

Plaintiffs Jack Green, individually and as trustee, Stanley Simon, trustee, and Norma

Evans (collectively "plaintiffs") sued defendants pursuant to Section 36(b) of the Investment

Company Act of 1940 ("ICA"), as amended, 15 U.S.C. § 80a-35(b). Before the Court are cross-

motions for summary judgment. Defendant Nuveen Advisory Corporation ("Nuveen"), the sole

remaining defendant in this case, has moved for summary judgment and plaintiffs have moved

for partial summary judgment on the issue of liability. For the following reasons, Nuveen's motion is granted and plaintiffs' motion is denied. This Court has jurisdiction over the matter pursuant to 28 U.S.C. § 1331 and 15 U.S.C. §§ 80a-35(b), 43.

## FACTUAL AND PROCEDURAL BACKGROUND

All recitations of fact are undisputed unless otherwise noted. Plaintiffs own common shares in six closed-end, leveraged, tax-exempt municipal bond funds (collectively "the Funds"). At all times relevant to the current matter, Nuveen has served as the investment advisor of each of the Funds. The primary investment objective of each of the Funds is to provide current income exempt from Federal income tax (and Massachusetts personal income tax for one Fund), consistent with the Funds' investment policies, through investment in a professionally managed portfolio of tax-exempt municipal obligations.[1] The Funds' secondary investment objective is to enhance the portfolio value relative to the municipal bond market through investments in tax-exempt municipal obligations. The Funds are designed to use leverage to enhance the income produced for common shareholders.[2]

As the investment adviser to each of the Funds, Nuveen received compensation for the services it provided. Nuveen acts as the investment adviser to each of the Funds and manages the investment and reinvestment of each of the Fund's assets. Nuveen also administers the

---

[1] Plaintiffs dispute this apparently because the wording of each of the Funds varies slightly. Although the wording of the primary objectives varies slightly from Fund to Fund, the substantive objective is the same.

[2] Generally, leverage is designed to take advantage of the fact that long-term interest rates are typically higher than short-term interest rates.

2

Funds' business affairs, provides office facilities and equipment, and provides clerical, bookkeeping and administrative services. The compensation that Nuveen receives for acting as the investment adviser to the Funds is computed at an annual rate based on a percentage of the daily net assets of the Funds, including the value of assets attributable to the preferred shares outstanding. The "net assets" of the Funds includes any assets attributable to the Funds' leverage. Nuveen does not charge the Funds any administrative fees, service fees, or any fees or charges over and above this advisory fee.

Throughout the time period relevant to this action, each of the Funds had a Board of Directors. A majority of each of the Board of Directors consisted of independent (or "disinterested") directors as required and defined under Section 20 of the ICA, 15 U.S.C. § 80a-10. The Board of Directors for each of the Funds met on a regular basis, at least four times a year, to monitor the performance of the Funds and the activities of Nuveen. The independent directors for each of the Funds met on an annual basis to consider the proposed investment advisory compensation agreement between Nuveen and the respective Fund. In every year relevant to this action, the independent directors for each of the Funds approved the investment advisory compensation agreement between Nuveen and the respective Fund. The directors also controlled the extent of the Funds' leveraging and decisions on whether to leverage or deleverage a Fund.[3]

As of December 31, 1999, there were 202 closed-end, leveraged, tax-exempt municipal

---

[3] Plaintiffs dispute this statement to the extent that Margaret K. Rosenheim, who had served as a director for one of the Funds, could not recall whether the question of whether to leverage or deleverage a Fund had ever been put to her. (Rosenheim Dep. at 23-24.) Ms. Rosenheim also testified, however, that it was her understanding that the Board of Directors had the authority to leverage or deleverage a Fund. (*Id.* at 23.)

3

bond funds in the industry registered with the Securities Exchange Commission ("SEC"). All 202 of these funds use preferred shares to create leverage. All 202 of these funds paid an advisory fee to their respective investment advisor computed on the basis of net assets or total assets under management. Pursuant to all 202 of these advisor compensation agreements, the value of the preferred shares is included in the base on which adviser compensation is measured.

Plaintiffs filed their Complaint on June 21, 1996 in the United States District Court for the District of Massachusetts. In addition to Nuveen, plaintiffs named the Funds and several individuals as defendants. This matter was transferred to the Northern District of Illinois by an Order of the United States District Court for the District of Massachusetts pursuant to 28 U.S.C. § 1404(a). Thereafter, defendants filed a motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6). Defendants' motion was granted in part and denied in part. *Green v. Nuveen Advisory Corp.*, 186 F.R.D. 486, 493 (N.D. Ill. 1999). In an opinion dated March 30, 1999, Judge Bucklo dismissed all but one of plaintiffs' claims (Count III of the Complaint) and dismissed all of the other defendants except for Nuveen. Count III of the Complaint was brought pursuant to Section 36(b) the ICA. Count III alleges that Nuveen has received compensation from the Funds in the face of a conflict between their interests and the Funds' interests amounting to a per se breach of the fiduciary duty imposed under Section 36(b) of the ICA. Plaintiffs argue that having a fee structure that compensates Nuveen according to the net assets (including assets attributable to the Funds' leverage) creates an impermissible incentive to keep the Funds fully leveraged at all times, even when the Funds' investment objectives would not be served by full leverage. Nuveen has now moved for summary judgment on plaintiffs' remaining claim brought under Section 36(b) of the ICA. Plaintiffs have filed a cross-motion for summary judgment as to

4

liability. To achieve leverage, the Funds issued two classes of stock; common shares (which plaintiffs purchased) and preferred shares (the vehicle for leveraging the common shares). The proceeds from the preferred stock offering were invested at long-term rates, while the preferred dividends were based on short-term rates. Each Fund created leverage by issuing preferred shares in an amount approximately equal to 35% of the Funds' assets after the issuance of the preferred shares.

## DISCUSSION

Traditional standards for summary judgment still apply even where both parties have moved for summary judgment. *American Broad. Co. v. Maljack Prods., Inc.*, 34 F. Supp. 2d 665, 669 (N.D. Ill. 1998). Summary judgment is appropriate where there are no genuine issues of material fact and where the moving party is entitled to judgment as a matter of law. *Liu v. T & H Mach., Inc.*, 191 F.3d 790, 794 (7th Cir. 1999); FED. R. CIV. P. 56(c). The court should view the record and all reasonable inferences to be drawn from it in the light most favorable to the non-moving party. *Id.* The non-moving party may not rest solely upon the allegations set forth in the pleadings, but must come forward with specific facts sufficient to raise a genuine issue for trial. *Liu*, 191 F.3d at 794-95. When the parties have filed cross-motions for summary judgment, the court looks to the burden of proof that each party would bear on an issue of trial. *Santaella v. Metro. Life Ins. Co.*, 123 F.3d 456, 461 (7th Cir. 1997). Each party is required to go beyond the pleadings and affirmatively establish a genuine issue of material fact. *Id.*

Plaintiffs' argument essentially boils down to two contentions: 1) Nuveen failed to disclose sufficient information to the Board of Directors so that the Board could evaluate any

5

decision with respect to the maintenance of leverage and thereby breached the fiduciary duty set forth in Section 36(b) of the ICA, and 2) the fee arrangement at issue in this case constitutes a per se breach of the fiduciary duty set forth in section 36(b) of the ICA. Section 36(b) of the ICA establishes a fiduciary duty of investment company advisors to investment company shareholders with respect to determining and receiving their advisory fees. Plaintiffs argue that having a fee structure that compensates Nuveen according to the net assets (including assets attributable to the Funds' leverage) creates an incentive to keep the Funds fully leveraged at all times, even when the Funds' investment objectives would not be served by full leverage. For claims brought under Section 36(b) of the ICA, "the plaintiff shall have the burden of proving a breach of fiduciary duty." 15 U.S.C. § 80a-35(b)(1).

## I. Plaintiffs' disclosure-related claims are not properly before the Court as they were dismissed.

Plaintiffs' first contention can be dealt with relatively briefly. In their pleadings filed in support of their Motion for Summary Judgment, plaintiffs argue that Nuveen breached its fiduciary duty by failing to adequately disclose to the Funds' investors and directors that the compensation agreements at issue involved a conflict of interest between the interests of the investors and Nuveen's interests. (Pls.' Mem. at 19.) However, there is no claim pending before this Court alleging that Nuveen breached its fiduciary duty under Section 36(b) by failing to disclose sufficient information. The only claim before the Court is Count III of the Complaint. All of the other claims, including claims alleging that Nuveen failed to disclose sufficient information in violation of Section 36(b), were dismissed by Judge Bucklo on March 30, 1999.

*Green v. Nuveen Advisory Corp.*, 186 F.R.D. 486 (N.D. Ill. 1999). Count III alleges that Nuveen violated its fiduciary duty under Section 36(b) of the ICA by entering into investment advisory agreements that created a conflict of interest between the interest of the Funds and Nuveen's. (Compl. ¶ 85.) Even read in the light most favorable to plaintiffs, Count III does not contain any allegations that Nuveen failed to disclose information in violation of its fiduciary duty under Section 36(b).

Plaintiffs first argue that the Court should consider the merits of the disclosure-related arguments they have raised in their Motion for Partial Summary Judgment because those arguments are not "new theories" and because Nuveen had notice of disclosure-related claims. (Pls.' Reply at 11.) Plaintiffs argue that these disclosure-related claims are not "new theories" because disclosure-related claims were included in their original complaint. (*Id.*) Plaintiffs' arguments must fail, however, because any and all of their disclosure-related claims were dismissed without prejudice by Judge Bucklo on March 30, 1999. *Green v. Nuveen Advisory Corp.*, 186 F.R.D. 486, 493 (N.D. Ill. 1999). If plaintiffs wanted to reassert the disclosure-related claims dismissed by Judge Bucklo over two years ago, plaintiffs had ample opportunity to amend their complaint in the hopes of stating a disclosure-related claim that would withstand a motion to dismiss under Rule 12(b)(6). Plaintiffs' belated attempt to revisit already-dismissed disclosure-related claims for the first time in their Motion for Summary Judgment is an attempt to raise a "new theory" of which Nuveen had no notice. Nuveen simply could not have had notice that plaintiffs were going to attempt to resurrect their dismissed disclosure-related claims. Plaintiffs' disclosure-related claims are, in fact, "new theories" as they are not to be found in any claim that is currently before the Court.

Plaintiffs next argue that, even if they are asserting a "new theory," this Court should treat the inclusion of disclosure-related arguments in their Motion for Partial Summary Judgment as a request to amend their Complaint to include the disclosure-related claims. (Pls.' Reply at 12.) Plaintiffs cite several cases outside of the Seventh Circuit to support this contention. *See, e.g., In re Bennett Funding Group, Inc.*, 220 B.R. 743, 752 (Bankr. N.D.N.Y. 1997). However, plaintiffs fail to address clear precedent within the Seventh Circuit establishing that, on a motion for summary judgment, it "is too late in the day to be adding new claims." *Auston v. Schubnell*, 116 F.3d 251, 255 (7th Cir. 1997); *Greisz v. Household Bank*, 8 F. Supp. 2d 1031, 1041-42 (N.D. Ill. 1998) (refusing to consider new allegations for the first time at the summary judgment stage); *Teall v. City of Chicago*, 986 F. Supp. 1098, 1101 (N.D. Ill. 1997) (holding that a new claim raised on a motion for summary judgment is "not properly before th[e] court" and refusing to consider that claim). This Court is bound to follow Seventh Circuit precedent. Plaintiffs have failed to cite any Seventh Circuit precedent supporting their argument that this Court should consider these new claims raised at the summary judgment stage. Any and all of plaintiffs' disclosure-related claims that were dismissed by Judge Bucklo in her March 30, 1999 decision are not properly before the Court, and plaintiffs cannot resuscitate those claims at this late stage. Claims not included in Count III of the Complaint (the only surviving Count) shall not be considered by this Court in the parties' cross-motions for summary judgment.

II.    **The compensation agreement at issue does not constitute a per se breach of the fiduciary duty imposed by Section 36(b) of the ICA.**

Plaintiffs' second contention, that the fee arrangement entered into by Nuveen constituted

a per se breach of the fiduciary duty in Section 36(b), requires more time and space to address. The parties spend considerable time and space arguing over whether a claim for breach of the fiduciary duty under Section 36(b) is limited to a claim for excessive fees. At least two courts have held that a claim under Section 36(b) is limited to claims of excessive fees. *See Migdal v. Rowe Price-Fleming Int'l, Inc.*, 248 F.3d 321, 327 (4th Cir. 2001); *Gartenberg v. Merrill Lynch Asset Mgmt., Inc.*, 694 F.2d 923, 928 (2nd Cir. 1982). Relying on *Green v. Fund Asset Management, L.P.*, 19 F. Supp. 2d 227, 234-35 (D.N.J. 1998)[4], this Court took a broader view of Section 36(b) and allowed plaintiffs to pursue a claim alleging that the compensation agreement in questions created a conflict of interest in violation of the fiduciary duty contained in Section 36(b). *See Green v. Nuveen Advisory Corp.*, 186 F.R.D. 486, 491 (N.D. Ill. 1999). Plaintiffs argue that this Court should employ a broad, common law fiduciary standard[5] while Nuveen argues that this Court should limit Section 36(b) to claims for excessive fees. This Court already addressed the extent that it will consider a breach of fiduciary claim under Section 36(b) when it allowed plaintiffs to proceed with a claim under Section 36(b) alleging that the compensation agreement entered into created a conflict of interest breaching a fiduciary duty in violation of

---

[4] One of the plaintiffs in the instant case, Jack Green, was also a plaintiff in *Green v. Fund Asset Management, L.P.* In order to avoid confusion, that case shall hereinafter be cited as *"Fund Asset Management, L.P."*

[5] Plaintiffs rely on Second Circuit precedent in support of their contention "that investment advisors' conduct [should] be governed by traditional common law standards of fiduciary responsibility." (Pls.' Mem. Supp. Mot. Summ. J. at 8) (citing *Galfand v. Chestnutt Corp.*, 545 F.2d 807, 811 (2nd Cir. 1976)). Second Circuit precedent is not so clear on this issue. *See, e.g., Gartenberg v. Merrill Lynch Asset Mgmt., Inc.*, 694 F.2d 923, 928 (2nd Cir. 1982) (holding that "[t]o be guilty of a violation of § 36(b), therefore, the adviser-manager must charge a fee that is so disproportionately large that it bears no reasonable relationship to the services rendered and could not have been the product of arm's-length bargaining.").

9

Section 36(b). This Court need not revisit the issue here and will limit its consideration to the conflict of interest theory which survived Nuveen's motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6).

The Court begins by noting that only one other court has addressed a claim similar to the one advanced by plaintiffs in the current matter. *See Green v. Fund Asset Mgmt, L.P.*, 147 F. Supp. 2d 318 (D.N.J. 2001) (hereinafter *Fund Asset Management, L.P. II*). The facts in *Fund Asset Management, L.P. II* are virtually identical and so are many of the legal issues raised therein. In *Fund Asset Management, L.P. II*, the court granted summary judgment in favor of the defendants on these same issues because (among other reasons): 1) it is highly unlikely that, through Section 36(b), Congress intended to make illegal the predominant advisory compensation fee arrangement; and 2) the board of directors of the funds had considered, reconsidered and approved the advisory compensation arrangements. *Id.* at 331-32. This Court finds the District Court of New Jersey's treatment of these two issues in *Fund Asset Management, L.P. II* persuasive and adopts that court's reasoning in the instant case. In addition to the reasons set forth in *Fund Asset Management, L.P. II*, this Court also grants summary judgment in favor of Nuveen because the ICA's companion statute, the Investment Advisers Act, 15 U.S.C. § 80b-5, expressly approves of the fee arrangement at issue in the current case and because the Board of Directors of each of the Funds made the leverage decisions, *not* Nuveen, rendering any potential conflict of interest minimal at best.

**A.      Congress did not intend to invalidate the fee structure used by every single closed-end, leveraged tax-exempt municipal bond fund.**

Plaintiffs do not dispute that "[a]ll 202 of the closed-end, leveraged tax-exempt municipal bond funds in the industry registered with the SEC (as of December 31, 1999) pay an advisory fee computed on the basis of net assets or total assets under management." (Def.'s LR 56.1(a)(3) ¶ 76; Pls.' LR 56.1(b)(3)(A) ¶ 76.)  If this Court were to hold that the fee arrangement in this case were a per se breach of the fiduciary duty under Section 36(b) of the ICA, then literally all of the advisory compensation agreements utilized by the 202 closed-end, leveraged, tax exempt municipal bonds would also be invalid under Section 36(b) of the ICA.  As the only other court to address this issue held, "[s]urely Congress did not intend this absurd result." *Fund Asset Mgmt. L.P. II*, 147 F. Supp. 2d at 331.  This Court is extremely reluctant to find that through the fiduciary duty requirement in Section 36(b), Congress implicitly intended to invalidate all of the fee arrangements utilized by all of the closed-end, leveraged, tax-exempt municipal bond funds in the industry.

Relying primarily on *Gartenberg v. Merrill Lynch Asset Management, Inc.*, 694 F.2d 923, 929 (2nd Cir. 1982), plaintiffs argue that industry practice is irrelevant for determining whether a fee arrangement is a per se breach of fiduciary duty under Section 36(b) of the Act.  (Pls.' Opp'n at 21.)  Plaintiffs also maintain that industry practice is irrelevant because "Nuveen has failed to present any evidence of any factual justification for its compensation arrangement,[6] nor can any be inferred from other municipal bond fund advisors making the same improper choice."  (Pls.'

---

[6] Plaintiffs erroneously assume that it is Nuveen's burden to prove that the fee arrangement is *not* a violation of the fiduciary duty imposed by Section 36(b) of the ICA.  This is clearly not the case.  The ICA expressly provides that "the plaintiff shall have the burden of proving a breach of fiduciary duty." 15 U.S.C. § 80a-35(b)(1).

Mem. Supp. Mot. Partial Summ. J. at 14.)  Both of these arguments fail.

Plaintiffs' reliance on *Gartenberg* is misplaced because that court held that reliance on prevailing industry advisory fees is not sufficient to establish that the fees are not excessive. *Id.*, 694 F.2d at 929.  Plaintiffs in the instant case do not allege that Nuveen received excessive fees in violation of Section 36(b), rather plaintiffs allege that the fee arrangement in question is a per se violation of the fiduciary duty imposed under Section 36(b).  Plaintiffs' argument that the propriety of the fee arrangement in question cannot be inferred from the fact that it is widely used in the industry also fails.  This Court is not looking at industry practice in order to determine whether the fees charged by Nuveen are excessive or improper.  Rather, this Court is looking at industry practice as a way of illustrating the absurdities that would result if the Court were to declare the fee arrangement at issue in the current matter invalid under Section 36(b) of the ICA.

**B.  The fact that the Boards of Directors of the respective Funds approved the fee arrangements in question militates against finding that the fee structure is invalid.**

In an action alleging breach of fiduciary duty brought under Section 36(b) of the ICA, the approval of an advisory compensation arrangement by the board of directors of an investment company "shall be given such consideration by the court as is deemed appropriate under all the circumstances." 15 U.S.C. § 80a-35(b)(2).  Plaintiffs do not dispute that "[i]n every year relevant to this action, the independent directors for each of the Funds approved the investment advisory agreement between each respective Fund and Nuveen Advisory." (Def.'s LR 56.1(a)(3) ¶ 115; Pls.' LR 56.1(b)(3)(A) ¶ 115.)  Like the court in *Fund Asset Management II*, this Court holds that "such undisputed approval militates strongly against the contention that the advisors have

breached their fiduciary duty to the funds or their shareholders." *Fund Asset Mgmt. II*, 147 F. Supp. 2d at 332.

> **C.      Congress' approval of the type of compensation agreement at issue in the current matter in the IAA is persuasive evidence that Congress did not intend to invalidate that same compensation agreement in the ICA.**

Congress' express recognition of the validity of advisory compensation contracts which compensate the advisor "based upon the total value of a fund over a definite period," 15 U.S.C. § 80b-5, strongly suggests that the compensation agreement at issue is valid and proper. Congress has expressly prohibited certain investment advisory compensation contracts in the Investment Advisers Act ("IAA"). 15 U.S.C. § 80b-5. In doing so, Congress specifically exempted from prohibition any "investment advisory contract which provides for compensation based upon the total value of a fund over a definite period." *Id.* The Supreme Court has referred to the ICA and the IAA as "companion" statutes. *Burks v. Lasker*, 441 U.S. 471, 480 n.8 (1979). When interpreting statutes dealing with a related subject, it is proper to consider the two statutes together. *Linquist v. Bowen*, 813 F.2d 884, 888-89 (8th Cir. 1987) (citations omitted); *see also In re Johnson*, 787 F.2d 1179, 1181 (7th Cir. 1986) (per curiam) (explaining that "a specific statute takes precedence over a more general statute"). In light of these general rules of statutory interpretation, this Court holds that Congress' express approval of  investment advisory contracts which provide for compensation based upon the total value of a fund over a definite period in the IAA is persuasive evidence that Congress did not intend to invalidate those same compensation arrangements in the IAA's companion statute, the ICA.

It is undisputed that "[t]he Funds do not employ a performance based fee structure

13

prohibited under § 205 of the [IAA, 15 U.S.C. § 80b-5]" and that "Nuveen Advisory's fees are

based upon the total value of the Funds over a definite period, not solely on a share of capital

gains or capital appreciation." (Def.'s LR 56.1(a)(3) ¶ 59; Pls.' LR 56.1(b)(3)(A) ¶ 59.) The

IAA's approval of the type of advisory compensation contracts at issue in the current matter

strongly militates against a determination that these compensation agreement constitute a per se

breach of the fiduciary duty imposed under Section 36(b) of the ICA.[7]


**D.   The Boards of Directors of the respective Funds, not Nuveen, made the leverage decisions thereby making any conflict of interest between Nuveen and the Funds minimal.**

Finally, plaintiffs have failed to produce any evidence establishing that Nuveen controlled

the extent of the Funds' leveraging or decisions on whether to leverage the Funds. Since Nuveen

did not control the extent of the Funds' leveraging, any conflict of interest between the interests

of the funds and shareholders and Nuveen's interests arising out of the compensation

arrangement at issue in the current matter is minimal at best. In light of the undisputed fact that

Nuveen does not control the extent of leverage of the Funds, this Court holds that any potential

conflict of interest arising out of the compensation agreement is insufficient to establish a breach

of the fiduciary duty imposed by Congress in Section 36(b) of the ICA. *Cf. Friend v. Sanwa*

*Bank Cal.*, 35 F.3d 466, 469 (9th Cir. 1994) (holding that, under Section 404(a)(1)(A)(i) of

ERISA, a fiduciary bank "does not commit a per se violation of section 1104(a)(1) by the mere

act of becoming a trustee with conflicting interests.").

---

[7] Plaintiffs fail to respond to these arguments in their Memorandum in Opposition to Defendant's Motion for Summary Judgment.

14

Plaintiffs do not dispute that "[t]hroughout the time period relevant to this action, a majority of the Board of Directors for each of the Funds consisted of independent (or 'disinterested') directors, as required and defined under Section 20 of the [ICA], 15 U.S.C. § 80a-10." (Def.'s LR 56.1(a)(3) ¶ 102; Pls.' LR 56.1(b)(3)(B) ¶ 102.) Plaintiffs also do not dispute that "[t]he directors controlled the extent of the Funds' leveraging and decisions on whether to leverage or deleverage a Fund." (Def.'s LR 56.1(a)(3) ¶ 110; Pls.' LR 56.1(b)(3)(B) ¶ 110.)

Although plaintiffs do not dispute these facts, they do argue that "[d]iscovery has shown, however, that most or many of [the independent directors] are cronies of Nuveen."[8] (Pls.' LR 56.1(b)(3)(B) ¶ 102.) This allegation of "cronyism" does not change the fact that plaintiffs do not dispute "that the independent directors fit within the [ICA] definition of 'disinterested.'" (*Id.*) Plaintiffs also contend that "[t]he directors also relied upon [Nuveen] . . . for recommendations as to management of leverage." If plaintiffs are attempting to establish that Nuveen was actually the entity with the power to determine whether to leverage or deleverage a Fund, plaintiffs need more than conclusory allegations of "cronyism" and the fact that the directors relied on Nuveen's recommendations to establish this assertion. *See Liu v. T & H*

---

[8] It is not even clear that an allegation of "cronyism" is supported by the record. To support this argument, plaintiffs cite the deposition testimony of Thomas C. Spalding. Mr. Spalding testified that some of the people who have served as disinterested directors of the funds were acquainted with some of the officers and employees of Nuveen. (Pls.' Ex. 14; Spalding Dep. at 184-87.) Mr. Spalding is then asked if, "[w]ith respect to the disinterested directors of the Nuveen funds generally, is it fair to say . . . that insofar as you understand the genesis or background of their becoming disinterested directors, that it is the case that most, if not all of them, have become disinterested directors in the context of their having had some acquaintance or prior relationship with some person who was an officer or employee of the Nuveen Companies at the time of that person's proposal as a disinterested director?" (*Id.* at 187-88.). Mr. Spalding answered, "I -- I can't make that statement." (*Id.* at 188.)

*Mach., Inc.*, 191 F.3d 790, 796 (7th Cir. 1999) ("A party must present more than mere speculation or conjecture to defeat a summary judgment motion.") (citations omitted); *Aberman v. J. Abouchar & Sons, Inc.*, 160 F.3d 1148, 1150 (7th Cir. 1998) (holding that in the absence of supporting evidence, conclusory allegations by the party opposing a summary judgment motion cannot defeat the motion) (citations omitted).

Amazingly, plaintiffs do not respond to this argument in their Memorandum in Opposition to Defendant's Motion for Summary Judgment. Plaintiffs are apparently content to rely on the related arguments they raised in their own Motion for Partial Summary Judgment. Unfortunately for plaintiffs, however, the arguments they raised relate to the disclosure-related claims that are not properly before the Court. (Pls.' Mem. Supp. Mot. Summ. J. at 23-26.) Specifically, plaintiffs argue that "Nuveen breached its fiduciary duty by failing to supply information sufficient to enable the Board of Directors to evaluate Nuveen's decisions with respect to the maintenance of leverage." (*Id.* at 23.) Even if any disclosure related claims were before the Court, this argument would fail because plaintiffs fail to include any facts in their Statement of Material Facts establishing that Nuveen failed to supply information sufficient to enable the Board of Directors to evaluate Nuveen's decisions with respect to the maintenance of leverage.

The closest that plaintiffs come to asserting facts establishing that Nuveen failed to provide sufficient information to the respective Boards of Directors of the Funds is an assertion that "[t]he Board of Directors is wholly dependent upon Nuveen Advisory for financial business recommendations and decisions with respect to leverage." (Pls.' LR 56.1(a)(3) ¶ 44.) However this assertion utterly fails to establish that Nuveen failed to supply information sufficient to

16

enable the Board of Directors to evaluate Nuveen's decisions with respect to the maintenance of leverage. Moreover, Nuveen filed a Statement of Additional Facts in opposition to Plaintiffs' Motion for Partial Summary Judgment pursuant to Local Rule 56.1(b)(3)(B). In its Statement of Additional Facts, Nuveen asserts that "[t]he directors controlled the extent of the Funds' leveraging and decisions to leverage or deleverage a fund" (Def.'s LR 56.1(b)(3)(B) ¶ 259) and that "[t]he directors routinely received and reviewed materials showing the contribution leverage made to current income" (*Id.* ¶ 252). Plaintiffs failed to respond to Defendant's Statement of Additional Facts. "All material facts set forth in the statement filed pursuant to section (b)(3)(B) will be deemed admitted unless controverted by the statement of the moving party." Local Rule 56.1(a). Pursuant to Local Rule 56.1, these assertions are deemed admitted by plaintiffs. Plaintiffs have failed to produce evidence establishing that Nuveen failed to provide sufficient information to the respective Boards of Directors.

It is undisputed that Nuveen did not control the extent that the Funds were leveraged. It is also undisputed that the respective Boards of Directors controlled the extent that the Funds were leveraged. Plaintiffs have failed to respond directly to these facts and the arguments raised by Nuveen in relation to these facts. This Court holds that any conflict of interest between the interests of the funds and shareholders and Nuveen's interest arising out of the compensation agreement at issue is minimal at best and fails to establish a breach of the fiduciary duty imposed under Section 36(b) of the ICA.

## CONCLUSION

For the reasons stated above, the Court grants the sole remaining defendant Nuveen's

Motion for Summary Judgment [doc. no. 129-1] and denies plaintiffs' Motion for Partial

Summary Judgment [doc. no. 132-1]. This case is hereby terminated.

**SO ORDERED** *9-6-01*          **ENTERED:**

**HON. RONALD A GUZMAN**
**United States Judge**